UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MONTEZ KENNEDY,

       Petitioner,

v.                                                Case No. 2:07-CV-157

DAVID BERGH,                         HON. GORDON J. QUIST

       Respondent.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Petitioner's Objections to the report and recommendation dated December 22, 2009, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims:

    I.     Petitioner was prejudicially denied full written notice of the circumstances surrounding the charge within 24 hours of the hearing in violation of the due process clause of the Fourteenth Amendment.

    II.    Petitioner was prejudicially denied the ability to obtain exculpatory evidence to effectively defend against the charge in violation of the due process clause of the Fourteenth Amendment.

    III.   The hearing administrator violated Petitioner's liberty interest in a meaningful review of the hearing decision in violation of the due process clause of the Fourteenth Amendment.

The magistrate judge concluded that to the extent Petitioner asserts a claim based upon the state court's imposition of a partial filing fee, such claim must be dismissed because it presents an issue solely of state law that does not provide a basis for habeas relief. With regard to Petitioner's remaining claims, the magistrate judge concluded that Petitioner failed to show that his constitutional

rights were violated at the misconduct hearing because Petitioner received all of the protections to which he was entitled.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and the petition denied.

Petitioner raises seven objections, which the Court will address in turn.

First, Petitioner contends that the magistrate judge erroneously stated that Petitioner is raising a claim regarding the Michigan circuit court's denial of Petitioner's motion to waive the partial filing fee. Whether Petitioner intended to raise such a claim is irrelevant, because if he did intend to raise the claim it is subject to dismissal, and if he did not intend to raise it there is nothing to decide.

Second, Petitioner argues that the magistrate judge erred in failing to take Petitioner's allegations in his petition as true. However, the cases Petitioner cites do not support his argument. *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), addressed a district court's dismissal of a pro se plaintiff's civil rights action under 28 U.S.C. § 1915. The Sixth Circuit held that in applying the "frivolous" standard under § 1915(d), courts should apply the Rule 12(b)(6) standard, which requires that allegations in pleadings be taken as true. *Urbina v. Thoms*, 270 F.3d 292 (6th Cir. 2001), involved a petition for writ of habeas corpus under 28 U.S.C. § 2241 by a federal prisoner. Because the district court dismissed the petitioner's claims *sua sponte*, the Sixth Circuit, citing *Malone*, held that in those circumstances a petitioner's allegations in his petition are to be taken as true. Because the magistrate judge was not ruling on a motion to dismiss, he was not obligated to accept Petitioner's allegations as true.

Third, Petitioner contends that the magistrate judge's statement that "there is no indication that the conviction could have any direct effect on the duration of petitioner's confinement in

prison," is erroneous in light of the magistrate judge's rulings in Petitioner's prior civil rights cases. However, in *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 20007), the Sixth Circuit held that a Michigan prisoner's loss of disciplinary credits is tied only to the prisoner's parole eligibility date and discharge date and does not necessarily affect the duration of the prisoner's sentence.

Fourth, Petitioner argues that his claims were not subject to the AEDPA's requirement that only decisions of the United States Supreme Court may be used to determine whether a state court's decision was an unreasonable application of clearly established federal law because Petitioner was never allowed to pursue his claims on the merit in state court. Petitioner contends that the AEDPA's strict standard of review under 28 U.S.C. § 2254(d) does not apply because the state court never reviewed his claim. Petitioner further asserts that § 2254(d), which by its terms applies to review of state court proceedings, cannot apply in this case because the only decision to review is that of the hearing officer.

Initially, the Court notes that Petitioner's reliance upon *White v. Indiana Parole Board*, 266 F.3d 759 (2001), for the proposition that the AEDPA does not apply to his petition is misplaced. In *White*, the court noted that Indiana did not provide for judicial review of Indiana Department of Corrections administrative decisions concerning loss of good time credits. In this case, however, as Petitioner must acknowledge, Michigan does provide for judicial review of hearing officer decisions. Still, Petitioner is correct that there can be no deference to a state court decision when the state court refused to allow Petitioner to file his petition for review. As the First Circuit has observed, the "AEDPA imposes a requirement of deference to state court decisions, but we can hardly defer to the state court on an issue that the state court did not address." *Fortini v. Murphy*, 257 F.3d 39, 47 (1st Cir. 2001). Instead, under these circumstances, a federal court should review the issue *de novo*. *Id.*

3

In the instant case, although the magistrate judge recited the deferential AEDPA standard normally applicable to review of state court decisions, the report and recommendation makes clear that in reviewing Petitioner's issues the magistrate conducted a *de novo* review. Thus, the magistrate judge could not and did not apply the deferential standard.

Fifth, Petitioner argues that the magistrate judge contradicted himself when he stated that federal habeas relief may not be based on a perceived error of state law but then considered state law in addressing Petitioner's due process claim. The Court disagrees. Although the magistrate judge cited the procedural requirements for misconduct hearings provided under state law, he reached his decision Petitioner's constitutional rights were not violated by considering the due process protections mandated under *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963 (1974). Moreover, there was no error for the additional reason that the state law procedural requirements are consistent with the protections provided under *Wolff*.

Sixth, Petitioner contends that the magistrate judge's analysis of the procedural requirements under *Wolff* was perfunctory and failed to address Petitioner's specific arguments. Under *Wolff*, the procedures that must be afforded a prisoner subject to a disciplinary hearing are: (1) advance written notice of the hearing of at least 24 hours; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *See id.* at 563-67, 94 S. Ct. at 2978-2980. Petitioner contends that none of these requirements were met. This argument is without merit. First, Petitioner received advance notice of the charge more than 24 hours prior to the hearing. This requirement is satisfied as long as the notice provides enough of the underlying facts to allow the prisoner to prepare a defense. *See*

*Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361-62 (7th Cir. 1992). The notice Petitioner received sufficiently described the underlying facts and the nature of the charge to allow Petitioner to prepare a defense. Second, Petitioner was afforded an opportunity to call witnesses and present evidence in his defense. At the time Petitioner received the notice of the charge he reported that he had no witnesses but requested a review of the video surveillance of the area where the misconduct allegedly occurred. Although Petitioner asserts that the hearing officer denied his request for exculpatory evidence, including the location of the porters closet and the identities of all three officers who were on the wing prior to the time Petitioner and the reporting officer came onto the wing, Petitioner fails to show that such evidence was exculpatory or that any procedural violation precluded Petitioner from presenting his defense. Finally, although Petitioner contends that the third requirement was not met, the hearing report sets forth in sufficient detail the evidence and statements the hearing officer considered, as well as Petitioner's arguments, and provides the rationale for the decision. Thus, the Court concurs with the magistrate judge that Petitioner failed to demonstrate that his due process rights were violated.

Finally, Petitioner complains that the magistrate judge erred in failing to address his claim that he was denied a liberty interest in a meaningful review on appeal of the hearing decision. Even though the magistrate judge did not address the argument, it lacks merit because Petitioner does not have a liberty interest in a major misconduct adjudication or findings. *See Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit

has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 22, 2009 (docket no. 19) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 23) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: July 2, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE